IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **SHAWN L. BROWN** : | |
| 718 Farmington Road West : | |
| Accokeek, MD 20607 : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **UNITED STATES OF AMERICA** : | |
| : | |
| Serve: The Honorable Alberto Gonzales : | No.:_____ |
| United States Attorney General : | |
| Department of Justice : | |
| 950 Pennsylvania Avenue, NW : | |
| Washington, DC 20530-0001 : | |
| : | |
| Serve: Kenneth L. Wainstein : | |
| U.S. Attorney for the : | |
| District of Columbia : | |
| 555 4th Street, N.W. : | |
| Washington, DC 20530 : | |
| : | |
| **Defendant.** : | |

## **COMPLAINT**

### I. Nature of the Case

1.  This is an action brought by the Plaintiff pursuant to the Federal Tort Claims Act for personal injuries he sustained in an automobile accident involving a Unites States Government vehicle.

### II. Jurisdiction

2.  This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act.

3.  The Plaintiff timely presented his claim to the United States of America and the U.S. Securities and Exchange Commission, in accordance with 28 U.S.C. § 2675(a) of the Federal Tort Claims Act; such claim was sent to the U.S. Securities and Exchange Commission on or about December 3, 2004. The U.S. Securities and Exchange Commission denied the Plaintiff's claim on June 2, 2005.

### III. Venue

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events involved in the subject collision occurred in the District of Columbia.

### III. Parties

5.  The Plaintiff is a resident of the State of Maryland.

6.  At all times relevant hereto, the Defendant employed, trained and otherwise supervised U.S. Securities and Exchange Commission employee, Alfred L. Veney.

### IV. Statement of Claims

#### COUNT I

7.  On December 5, 2002, the Plaintiff was operating a motor vehicle with due care in the 400 block of 6th Street, N.W., in Washington, D.C., when Alfred L. Veney, and employee of the U.S. Securities and Exchange Commission, negligently obstructed the path of on-coming traffic on 6th Street, N.W., thereby causing a collision with the Plaintiff's vehicle, and causing the Plaintiff to sustain serious personal injuries. The Plaintiff neither caused nor contributed to the collision or his injuries.

8.  At the aforementioned time and place, Alfred L. Veney was operating a motor vehicle owned by the Defendant, and operated under the Defendant's direction and supervision. Alfred L.

Veney was acting at all times within the course and scope of his employment with the U.S. Securities and Exchange Commission. As a result of the relationship between Alfred L. Veney and the Defendant, all negligence and liability on the part of the vehicle operator is imputed to the Defendant.

9. The aforementioned collision was the direct and proximate result of the negligence of the Defendant in that the operator of the Defendant's vehicle, in violation of the applicable motor vehicle laws, and in disregard of the duty to operate a vehicle with due regard for other roadway users, did: fail to pay full time and attention to the operation of said motor vehicle; fail to control said vehicle; fail to yield the right of way; fail to properly exit the roadway; fail to keep roadway free of obstructions; fail to operate a motor vehicle reasonably and safe under the weather conditions at the time of the occurrence; fail to use proper equipment, including, but not limited to, proper tires, under the weather conditions at the time of the occurrence; and operate said motor vehicle recklessly and with a reckless disregard for the consequences of such operation, and with a disregard for the rights and safety of the Plaintiff and others, and in a manner likely to endanger the person and property of the Plaintiff and others.

10. As the direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

11. As a further result of the negligence of the Defendant as aforesaid, the Plaintiff has incurred, and will continue to incur, substantial medical and related expenses, transportation costs, loss of time and earnings from his employment, permanent impairment of his work capacity, loss of time and enjoyment from his usual and customary activities, and permanent impairment of his usual

and customary activities.

WHEREFORE, the Plaintiff demands judgment from and against the Defendant in the amount of Five-Hundred-Thousand Dollars ($500,000) in compensatory damages, and such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

James W. Pressler, Jr., #221051
Patrick G. Senftle, #412191

RISELLI & PRESSLER, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384

ATTORNEYS FOR PLAINTIFF