**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAWN L. BROWN, | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-2309 (EGS) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, United States of America, by and through its undersigned attorneys, hereby

answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's recovery against Defendant United States of America, if any, is limited to the

damages recoverable under the Federal Tort Claims Act.

### SECOND DEFENSE

Plaintiff's claim is barred by the last clear chance doctrine.

### THIRD DEFENSE

Plaintiff's claim operating within the course and scope of his employment is barred by the

doctrine of contributory negligence.

### FOURTH DEFENSE

Plaintiff's claimed injuries and damages were not all proximately caused by the accident

at issue in this lawsuit, and therefore, Plaintiff is not entitled to recover damages from Defendant

United States for injuries not causally related to the accident at issue.

**FIFTH DEFENSE**

Defendant United States reserves the right to plead all other affirmative defenses or any

applicable state and federal statutes, which through discovery it learns may be applicable.

**SIXTH DEFENSE**

Defendant United States responds to the numbered and unnumbered paragraphs of the

Complaint as follows:

1. To the extent that the allegations in paragraph one expresses Plaintiff's contentions

they do not require a response from the Defendant.  To the extent an answer is required, this

Defendant admits only that the Plaintiff filed this action pursuant to the Federal Tort Claims Act

and denies the remaining allegations.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Upon information and belief, the Defendant admits the allegations contained in

paragraph 5 of the Plaintiff's Complaint.

7. Defendant admits only that on December 5, 2002, the Plaintiff was operating a motor

vehicle in the 400 block of 6th Street, N.W. in Washington, D.C. and denies any and all

remaining allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Defendant admits only that on the aforementioned date and place, Alfred L. Veney,

was driving a motor vehicle owned by the United States of America and was performing within

the course and scope of his employment; but denies any and all remaining allegations contained

in paragraph 8 of the Plaintiff's Complaint.

9.  Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.  Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.  Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

The balance of Plaintiff's Complaint contains an unnumbered paragraph, which consists of the Plaintiff's Prayer for Relief and does not require a response.  To the extent a response is required, deny.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied.  Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, the Defendant having fully answered requests that Plaintiff's complaint be dismissed, that costs be assessed against plaintiff, and for any other relief deemed just and proper.

Dated this 1st day of May, 2006.


Respectfully submitted,


/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334