IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHAWN L. BROWN | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 05-2309 (EGS) |
| UNITED STATES OF AMERICA | : |
| Defendant. | : |

**PLAINTIFF'S RULE 26(a)(2) DISCLOSURE OF EXPERT TESTIMONY**

This disclosure of expert testimony is submitted in compliance with Fed. R. Civ. P. 26(a)(2). This disclosure contains a statement of opinions to be expressed by the witnesses and the basis and reasons therefor; the data or other information considered by the witnesses in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witnesses, including a listing of all publications authored by the witnesses withing the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witnesses have testified as an expert at trial or by deposition withing the preceding four years.

      Alan G. Schreiber, M.D.
      11325 Pembrooke Square #115

Waldorf, Maryland 20603

Dr. Schreiber is board certified in orthopaedic surgery. He will testify with respect to the nature, extent, and treatment of the injuries Plaintiff Shawn L. Brown sustained as a result of the occurrence of December 5, 2002. Based upon Plaintiff's medical history, including facts and circumstances of the occurrence, his examinations and treatment of the Plaintiff, his review of pertinent medical records and diagnostic studies, his review of authoritative literature, and his knowledge and experience in his field of practice, Dr. Schreiber is expected to testify that the Plaintiff sustained serious injuries, including injuries to his back with a disc herniation at L4-5

and L5-SI (with right foraminal stenosis on the SI nerve root), radicular leg pain/numbness, and penile pain/numbness as a proximate result of the December 5, 2002 occurrence; that the Plaintiff has and will require extensive medical treatment for his injuries, including L4-5 discetomy and bilateral L-5 foraminotomies; that as a result of the above injuries the Plaintiff has been and will continue to be disabled from or restricted in his customary work and out-of-work activities; that Plaintiff's injuries are permanent in nature; that the Plaintiff has sustained a 16% permanent partial disability secondary to his back injury; that the Plaintiff has suffered and will continue to suffer symptoms associated with his condition; that the treatment that Plaintiff has received, and will receive, for his injuries was and will be medically necessary; that all charges for that treatment were and will be fair and reasonable, and that Plaintiff's lost wages as a result of the occurrence were and will be medically necessary.

Dr. Schreiber will discuss and interpret his examination findings and the various diagnostic studies performed on plaintiff and describe the various modalities of treatment employed in the care of plaintiff. He will also describe the anatomical areas involved and will make use of anatomical diagrams and models and diagnostic films to indicate the areas of plaintiff's injuries.

Dr. Schreiber will testify in accordance with the attached written report prepared and signed by him dated October 4, 2005. Attached to the report are the treatment reports from Dr. Schrieber's office dated February 21, 2003–September 8, 2004 and Dr. Schreiber's curriculum vitae detailing his qualifications, experience, and publications. Also attached to the report are Dr. Schreiber's medical/legal fee schedule and a list of Dr. Schreiber's trial and deposition appearances for the past four years.

      John K. Starr, M.D.
      3301 New Mexico Avenue, NW #318
      Washington, D.C. 20018

Dr. Starr is board certified in orthopaedic surgery. He will testify with respect to the nature, extent, and treatment of the injuries Plaintiff Shawn L. Brown sustained as a result of the

occurrence of December 5, 2002. Based upon Plaintiff's medical history, including facts and circumstances of the occurrence, his examinations and treatment of the Plaintiff, his review of pertinent medical records and diagnostic studies, his review of authoritative literature, and his knowledge and experience in his field of practice, Dr. Starr is expected to testify that the Plaintiff sustained serious injuries, including injuries to his back with a disc herniation at L4-5 and L5-SI (with right foraminal stenosis on the SI nerve root), radicular leg pain/numbness, and penile pain/numbness as a proximate result of the December 5, 2002 occurrence; that the Plaintiff has and will require extensive medical treatment for his injuries, including L4-5 discetomy and bilateral L-5 foraminotomies; that as a result of the above injuries the Plaintiff has been and will continue to be disabled from or restricted in his customary work and out-of-work activities, that Plaintiff's injuries are permanent in nature; that the Plaintiff has sustained a 13% permanent partial disability secondary to his back injury; that the Plaintiff has suffered and will continue to suffer symptoms associated with his condition; that the treatment that Plaintiff has received, and will receive, for his injuries was and will be medically necessary; that all charges for that treatment were and will be fair and reasonable, and that Plaintiff's lost wages as a result of the occurrence were and will be medically necessary.

      Dr. Starr will discuss and interpret his examination findings and the various diagnostic studies performed on plaintiff and describe the various modalities of treatment employed in the care of Plaintiff. He will also describe the anatomical areas involved and will make use of anatomical diagrams and models and diagnostic films to indicate the areas of Plaintiff's injuries.

      Dr. Starr will testify in accordance with the attached written report prepared and signed by him dated August 11, 2005. Attached to the report are Dr. Starr's curriculum vitae detailing his qualifications, experience, and publications. Also attached to the report is Dr. Starr's medical/legal fee schedule and a list of Dr. Starr's trial and deposition appearances for the past four years.

      Phillip Bussey, Ph.D CRC
      9500 Annapolis Road
      Suite B-6

Lanham, Maryland 20706

Dr. Bussey is an expert in the vocational and rehabilitation area. He is expected to testify regarding the vocational effects of plaintiff's injuries on Plaintiff's ability to obtain and maintain employment status since the occurrence of December 5, 2002 and during the remaining years of Plaintiff's work life expectancy. He is also expected to testify regarding Plaintiff's impairment of earning capacity since the occurrence an d in the future. Dr. Bussey will testify regarding the vocational significance of Plaintiff's injuries, and the permanent impairment of function and activity limitations associated with those injuries.

Based upon Plaintiff's medical history, including the facts and circumstances of the occurrence, his review of Plaintiff's educational and employment history, his review of authoritative literature and standards, his knowledge and experience in his field of practice, and his review of Plaintiff's functional capacity evaluation and labor analysis studies, Dr. Bussey is expected to testify that Plaintiff has sustained a permanent and significant diminution in earning capacity as a proximate result of injuries sustained in the occurrence of December 5, 2002; that Plaintiff, given his injuries, now only has vocational capacity to work at basic clerical jobs less physically demanding in comparison to his job at the Metropolitan Police Department prior to the occurrence; that Plaintiff meets the definition of the U.S. Census Bureau to identify those with a work disability or a health-imposed limitation in the kind and amount of work that a person can perform; that Plaintiff will not be able to improve his earnings capacity though further job training; that Plaintiff, if working full time, has suffered a diminution of annual earnings in the amount of approximately $44,000, plus benefits, as a result of his injuries, up until Plaintiff's 50th birthday; that upon Plaintiff's retirement at age 50, Plaintiff, if working full time, will sustained a diminution of annual earnings in the amount of approximately $22,000, plus benefits; and that if Plaintiff can only work on a half-time basis his annual diminution of earnings will proportionately increase.

Dr. Bussey will testify in accordance with the attached signed report dated November 15, 2006. Attached to that report are Dr. Bussey's curriculum vitae detailing his qualifications and

appearance, a list of his publications, fee schedules, and list of trial and deposition appearances over the past four years.  Attached also to Dr. Bussey's reports are a copy of NRH Regional Rehabilitation Functional Capacity Evaluation and Labor Market Survey referenced in Dr. Bussey's report.  Dr. Bussey's report also contains the website addressees for the authoritative references and standards referred to in his report.

      Richard B. Edelman, Ph.D.
      8515 Whittier Boulevard

      Bethesda, Maryland 20817

Dr. Edelman is an expert in the area of economics.  He will testify regarding the economic losses Plaintiff has sustained as a result of the injuries of December 5, 2002.  Dr. Edelman is expected to testify regarding the present discounted value of the impairment of Plaintiff Shawn L. Brown's earning capacity, including lost income and benefits.  Specifically, Dr. Edelman will testify that the present discounted value of Plaintiff's lost income is $1,102,354.  Dr. Edelman's signed report of November 20, 2006, setting forth the present discounted value of the total pecuniary loss sustained by Plaintiff as a result of the injuries of December 5, 2002 is attached hereto.  Attached to the report is a copy of Dr. Edelman's curriculum vitae detailing his qualifications and experience, fee schedule, and a listing of his trial and deposition appearances over the past four years.

    Plaintiff reserves the right to call any of Plaintiff Shawn L. Brown's other treating physicians and health care providers.

    Plaintiff reserves the right to call any person identified by defendant as an expert witness.

Plaintiff reserves the right to call additional rebuttal witnesses.

        Patrick G. Senftle, #412191
        James W. Pressler, Jr., #221051

        PRESSLER & SENFTLE, P.C.
        Three McPherson Square
        927 15th Street, N.W.
        12th Floor
        Washington, D.C. 20005
        (202) 822-8384
        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Rule 26(a)(2) Disclosure of Expert Testimony was mailed first-class, postage prepaid, this 22nd day of November to:

    Heather D. Graham-Oliver
    U.S. Department of Justice
    Assistant U.S. Attorney
    555 4th Street, N.W.
    Washington, D.C. 20530

        _____
        Patrick G. Senflte