UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN L. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-2309 (EGS) |
| UNITED STATES OF AMERICA, | ) Status Conference : May 30, 2007 |
| | ) |
| Defendant. | ) |

**DEFENDANT UNITED STATES OF AMERICA'S
RESPONSE TO PLAINTIFF'S REQUEST FOR RECONSIDERATION**

Defendant, United States of America, hereby responds to Plaintiff's Motion for Reconsideration of this Court's Order dated May 7, 2007, granting the Defendant's Motion for Extension of Time to submit expert reports. In his Motion for Reconsideration (Motion), Plaintiff states that "[he] consents to an enlargement of the discovery deadline, but opposes an enlargement of Defendant's 26(a)(2) disclosure deadline." Motion at p. 1. However, this entire case may revolve around the reports and opinions of the experts. Defendant has had a long struggle in getting enough information, within the time frame allotted, for its' experts to truly and fairly evaluate the case.

The plaintiff was involved in a motor vehicle accident in December 2002 with a van owned and operated by the Securities Exchange Commission (SEC). As a result of that accident plaintiff is claiming that he was permanently injured to the extent that he had to resign from the Metropolitan Police Department on disability. The long and the short of it is that Plaintiff is claiming a chronic back injury as a result of the accident and Defendant is still in the process of receiving all of the medical and other information, so that it can make a fair assessment of the

case.

Although, Plaintiff is correct that this is the Defendant's fourth request for an extension of time to complete Expert Reports, this is the first that he has opposed. Defendant did not receive answers to its interrogatories until Monday, March 19, 2007 at 5:30 p.m. See Exhibit A. Defendant served plaintiff with Interrogatories and Document requests on or about December 7, 2006. The answers to the Interrogatories were very important as far as discovery of medical information. Interrogatory Number 7 asked Plaintiff to "identify all health care providers seen or consulted by him at anytime from and/or after January 1, 1992, regardless of whether the consultation arose out of the occurrence." In answer to that interrogatory, Plaintiff identified seventeen different medical providers that he had used.

Plaintiff took the deposition of the defendant's driver on March 15, 2007 and while he delivered a signed medical authorization on the 15th, defendant still had no answers to interrogatories.[1] Thereafter, on March 28, 2007, Defendant caused 17 subpoenas to be delivered to all 17 medical providers for records. This did not include subpoenas for records from the Metropolitan Police Department, which had previously been subpoenaed.

Because of the impending May 4, 2007, deadline for expert witness reports, Defendant arranged for the Plaintiff to be examined by a doctor on March 28, 2007. Defendant only had a few medical records that were provided by Plaintiff in the administrative phase of the case. In the Defendant's notice of IME, it requested the Plaintiff to bring all MRI films with him. The Plaintiff arrived for the IME with no films. The Doctor had a written MRI report, but it is

---

[1] Defense Counsel was out of the office during the entire week of March 19, 2007, and did not return until March 27, 2007.

important that the films be reviewed because reasonable minds can differ as to their interpretation.

On May 3, 2007, after much back and forth, one of the subpoenaed medical entities, Accessible MRI of Montgomery County, delivered MRI films to the defendant. Upon inspection, those films only included the thoracic spine and not the problematic lumbar spine. When questioned about the discrepancy, Accessible MRI stated that the lumbar spine films were taken from the facility by the Plaintiff a long time ago. A letter was immediately sent to Plaintiff's counsel via electronic mail requesting the films and informing the Plaintiff that mediation in the instant matter would have to be rescheduled. See Exhibit B.

On May 4, 2007, in an attempt to comply with the local rule, defense counsel telephoned plaintiff's counsel to request an extension of time on everything. Defense counsel was informed that plaintiff's counsel was in deposition and was not available. Unfortunately, in a rush to complete the filing, defense counsel used a previous template of its motion for extension of time and neglected to change the sentence that stated that Plaintiff's counsel would not oppose the motion. It should have read that Plaintiff's counsel had not returned the call prior to filing.

On Monday, May 7, 2007, defense counsel spoke with plaintiff's counsel. At which time, Plaintiff's counsel stated that because of his trial schedule, the depositions of the Plaintiff and independent witness, which were noticed for May 17, 2007 and May 18, 007, could not take place, but would have to be rescheduled to June 13, 2007. Plaintiff's counsel also indicated that he too would not be available for mediation on May 9, 2007. Upon agreement of the parties, the Magistrate Judge has since re-scheduled the mediation date for August 1, 2007. See PACER DKT.

The Defense produced the unsupplemented report of its' medical doctor on May 4, 2007. To the extent that the newly arrived medical records make a difference to the Doctor's conclusion that report will be supplemented. The defense needs additional time to produce the report of its accident reconstructionist. Had the deposition schedule remained in May, the reconstructionist would have been able to complete his report by May 30, 2007. The defense also needs additional time to depose the plaintiff's medical experts. Plaintiff's counsel has made it clear that he has no dates available in May 2007 to do depositions due to a heavy trial schedule. See Exhibit C.

Accordingly, Defendant requests an extension of time to complete these last items. A more realistic enlargement of the discovery and expert witness deadline is anticipated to be discussed at the May 30, 2007, status. See Exhibit C. Defendant is opposing Plaintiff's Motion for Reconsideration, so that it will not to be prejudiced in the true assessment of this case.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334