LAW OFFICES

# PRESSLER & SENFTLE, P. C.

THREE McPHERSON SQUARE
927 15TH STREET, N.W.
TWELFTH FLOOR
WASHINGTON, D.C. 20005

(202) 822-8384

FAX (202) 331-7587

JAMES W. PRESSLER, JR. ( DC MA )
PATRICK G. SENFTLE ( DC MD WI )
ERICA N. MAHONEY ( DC VA )

OF COUNSEL
MICHAEL J. RISELLI ( DC VA MA )
SUSAN C. CHAIRES ( DC GA )

May 7, 2007

<u>VIA FACSIMILE AND REGULAR MAIL</u>
(202) 514-8780

Heather Graham-Oliver, Esq.
Assistant United States Attorney
Judiciary Square Building
555 Fourth Street. NW
4-4808
Washington, DC 20530

    Re:    <u>Brown v. United States</u>

Dear Heather:

    Thank you for your letter of May 3, 2007.

    Please be advised that I am in deposition all day on May 17, 2007 in another matter. You did not clear the date with my office. I have no dates available in May 2007 due to a heavy trial calendar and other matters. I suggest we discuss with the court a realistic enlargement of the discovery deadline, at the May 30, 2007 status, especially if you seek to depose experts.

    I am in receipt of your "Motion for an Extension of Time to Conduct Discovery" which also includes a request to enlarge the Defendant's expert disclosure deadline. While you represent that Plaintiff's counsel "does not consent but will not oppose this motion," you never discussed this motion with me. Please do not make such misrepresentations in the future. Please also be advised that Plaintiff opposes Defendant's fourth request for an enlargement of its deadline to disclose experts.

    Please provide me with a copy of all records you have obtained via Mr. Brown's executed release <u>prior</u> to his deposition. As you know, Plaintiff agreed to provide a release contingent on Defendant providing all records obtained by the release within five days of receipt of the records. Your production of any such documents is also responsive to Request No. 15 of Plaintiff's document

Exh. C



Heather Graham-Oliver, Esq.
Page Two
May 7, 2007

requests which you have a duty to seasonably supplement. We will object to any line of inquiry in the deposition in the event you do not produce the records.

    We agree that the settlement conference should be reset to after discovery is substantially completed. Lastly, the Plaintiff is attempting to locate and retrieve the MRI films from his treating providers.

                                    Sincerely,

                                    Patrick G. Senftle

PGS/lei